## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-21-00400-PRW |
| A & D BROWN ENTERPRISES, INC., et al., | ) ) ) | |
| Defendant. | ) | |

### ORDER

Before the Court are two separate motions to dismiss—Defendant Cheekia Rogers' Motion to Dismiss (Dkt. 6) with Plaintiff State Farm Fire & Casualty Co.'s Response in Opposition (Dkt. 14), and Defendants Charla Shaffer and Nick Shaffer's Motion to Dismiss (Dkt. 20) and Plaintiff State Farm Fire & Casualty Co.'s Response in Opposition (Dkt. 21). For the reasons given below, both motions to dismiss are **GRANTED**.

### Background

This case arises following a complex procedural history threading through two prior cases, the complete details of which will not be included here.[1] A & D Brown Enterprises, Inc., is a driving school that offers driving lessons to minors. On January 15, 2020, minor

---

[1] For a full account of the relevant history preceding this case, see this Court's Order of Dismissal (Dkt. 33) in *State Farm Mut. Auto. Ins. Co. v. A & D Brown Enters., Inc.*, 2021 WL 374979, at *1–3 (W.D. Okla. Feb. 3. 2021).

A.R. went for a driving lesson with instructor George A. Voss and another minor, H.S., as occupants in the driving-school-owned vehicle. An accident occurred, giving all three occupants serious injuries. H.S.'s injuries proved fatal.

A & D Brown Enterprises carried insurance liability coverage under at least two different insurance policies. The first was a Business Car Policy, issued by State Farm Mutual Automobile Insurance Company. The second was a Businessowners Insurance Policy, issued by State Farm Fire & Casualty Company. Shortly after the fatal accident, Nick and Charla Shaffer—parents of H.S.—notified State Farm Insurance (generally) of potential insurance claims arising from the accident. After a dispute over the extent of coverage offered by the two policies, during which State Farm Insurance refused the Shaffers' demands, the Shaffers added State Farm Auto as a defendant in their state court suit arising out of the accident. Cheekia Rogers—parent of A.R., who was also a defendant in Shaffers' state court suit—also brought a counterclaim against State Farm Auto.

While that case proceeded in state court, State Farm Auto filed a federal suit seeking a declaratory judgment regarding the extent of its liabilities under the Business Car Policy. This Court determined the declaratory judgment action was functionally identical to "the parallel state action between the same parties, raising the same . . . claims and defenses"[2] and dismissed the federal case.

---

[2] *Id.* at *7.

Now, State Farm has brought another case. This time, the State Farm Fire & Casualty branch of the insurer seeks a declaratory judgment that the Businessowners Insurance Policy does not provide liability insurance for injuries arising from this accident.

### *Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] As discussed below, although the Shaffers and Ms. Rogers advance 12(b)(6) motions in support of dismissal, they spend little time addressing how State Farm's pleading fails to meet the pleading standard. Instead, both the Shaffers and Ms. Rogers predicate their arguments on this Court's discretionary authority to decline to maintain jurisdiction when a state court is better positioned to answer the issues raised. The Court, likewise, devotes its attention to these arguments for dismissal, but notes that State Farm's pleading suffices as a well-pleaded complaint under the *Twombly-Iqbal* standard.

### *Discussion*

It is well established that, where a party refers to documents central to its argument in a complaint, and a defendant then attaches those documents to a motion to dismiss, "district courts have discretion in deciding whether to consider such materials" without converting the motion to one for summary judgment.[4] As a preliminary matter, the Court

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 665, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Pragar v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

declines to convert the motions to dismiss into motions for summary judgment, but will consider the attached exhibits for the purpose of deciding these motions.

*Relationship to the State Court Action*

The crux of the Shaffers and Ms. Roger's arguments is the same as the arguments advanced in response to the prior declaratory judgment action: this Court should not entertain a declaratory judgment action that seeks determination of issues likely to affect a concurrent state court proceeding. But State Farm Fire & Casualty believes there are key differences between this case and the prior action—most prominently, that the ongoing state court case involves only the automobile liability policy, so there is no duplication or conflict between that case and this case.

Whether the Court should exercise its power to issue a declaration of rights is a matter committed to the sound discretion of the Court.[5] In determining whether to exercise this discretion the Court consider the *Mhoon* factors:

> [1] whether a declaratory action would settle the controversy;
> [2] whether it would serve a useful purpose in clarifying the
> legal relations at issue; [3] whether the declaratory remedy is
> being used merely for the purpose of "procedural fencing" or
> "to provide an arena for a race to *res judicata*"; [4] whether use
> of a declaratory action would increase friction between our
> federal and state courts and improperly encroach upon state
> jurisdiction; and [5] whether there is an alternative remedy
> which is better or more effective.[6]

---

[5] *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

[6] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

4

It is true that "[a] declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act."[7] Yet when analyzing such actions under the *Mhoon* rubric, a key determination has been whether the insurer seeking to establish nonliability was also a party to the underlying state court action. On one hand, most often when courts in this district exercise their discretion to maintain an insurer's declaratory judgment action, the insurer is not a named party in the underlying state court action that implicates the casualty insurance.[8] On the other hand, when courts have coverage disputes where the insurer seeking liability determination is a party in the underlying state case, the courts generally decline to maintain the declaratory judgment actions.[9] This follows the Tenth Circuit's guidance from *St. Paul Fire & Marine Insurance Company v. Runyon*,[10] where the Tenth Circuit affirmed a district court's refusal

---

[7] *Western Casualty & Surety Co. v. Teal*, 391 F.2d 764, 766 (10th Cir. 1968).

[8] *See generally State Farm Fire & Casualty Co. v. Telecomm Consultants, Inc.*, 2017 WL 11556315, at *3 (W.D. Oct. 19, 2017) ("[Liability] cannot be clarified in the underlying action as State Farm is not and cannot be a party to it."); *State Farm Fire & Casualty Co. v. Ireland*, 2016 WL 3920470, at *2 (W.D. Okla. July 15, 2016) (seeking liability determination regarding state court negligence suit where defendant was insured by insurer and "State Farm is not a party to the Underlying Lawsuit"); *Mt. Vernon Fire Ins. Co. v. Summers Investments, Inc.*, 2014 WL 12726831, at *2 (seeking liability determination regarding state court assault and battery suit where defendant was insured by insurer and "Mount Vernon is not a party to the underlying state court action"); *see also Philadelphia Indemnity Ins. Co. v. Greenway Part Comm. Owners Ass.*, 2017 WL 521569 (W.D. Okla. Feb. 8, 2017).

[9] *See Carolina Casualty Insurance Company v. Kessaman*, 2012 WL 12863979, at *2 (W.D. Okla. May 16, 2012) ("Moreover, the coverage question is also at issue in the state court action where Carolina Casualty is already a party."); *see also State Farm Mutual Auto. Ins. Co. v. A & D Brown Enters., Inc.*, 2021 WL 374979 (W.D. Okla. Feb. 3, 2021).

[10] 53 F.3d 1167, 1168 (10th Cir. 1995).

to enter declaratory judgment because the declaratory judgment action and the underlying state case were between the same two parties—the insured and the insurer.

State Farm Fire & Casualty attempts to distinguish these principles by maintaining that it is a separate and distinct party from State Farm Auto—the branch sued in the underlying state court case—and that the underlying state court case does not involve the Businessowners Insurance Policy. The record, however, isn't so clear on these points.

In the aftermath of the fatal accident, the Shaffers contacted State Farm Insurance and requested copies of "any and all of your insured's entire insurance policies."[11] Although the automobile liability policy was provided, it was not until much later that the Shaffers learned of the Businessowners Insurance Policy. After finally receiving a copy of this general business liability insurance policy, the Shaffers sent a demand letter (to counsel who represented both State Farm entities)[12] requesting the full maximum of what the Shaffers thought was owed under the liability limits of both insurance policies. The Shaffers explicitly acknowledged and discussed two separate insurance policies,[13] even quoting an entire section of the Businessowners Insurance Policy that they deemed

---

[11] *See* Letter to State Farm, January 29, 2020 (Dkt. 20, Ex. 4), at 1.

[12] The same counsel also represented both State Farm Auto and State Farm Fire & Casualty Company before this Court in the consecutive declaratory judgment actions, further supporting the perception that the entities have operated as one in responding to this accident and the issues arising from it.

[13] *See* Demand Letter, March 9, 2021 (Dkt. 20, Ex. 15), at 4 (discussing the "general & auto" liability and addressing in separate paragraphs "[a]s far as the auto liability policy" and "[i]n reviewing the General Liability Policy").

applicable.[14] In a response letter, counsel for A & D Brown Enterprises acknowledged that both insurance policies had been placed at issue.[15] After State Farm refused the Shaffers' demand, the Shaffers amended their state court complaint to add the insurer as a defendant. There, while admittedly focusing on the "policy of automobile insurance," the Shaffers generally sued "State Farm Insurance," of which State Farm Fire & Casualty is a "wholly owned subsidiary."[16]

Although a difficult question, the context in which the state court action arose leads the Court to find that both State Farm Fire & Casualty and the Businessowners Insurance Policy are strongly interwoven, and perhaps indeed directly at issue, in the underlying state court case. The Shaffers sued State Farm after reviewing both insurance policies, making a demand under both insurance policies, and having a single representative on behalf of State Farm refuse both demands (either in whole or in part). The Shaffers sought monetary recovery directly from the insurer and raising legal questions of both coverage and liability. At the very least, State Farm Fire & Casualty and the Businessowners Insurance Policy are closely intertwined in the conflict that created the state court case—the Shaffers and Ms. Rogers might yet expand their ongoing claims for liability recovery to more fully encompass this dispute that was previously directly at issue. At most, the Shaffers and Ms.

---

[14] *Compare id.* at 5, *with* Certified Policy, (Dkt. 1, Ex. 1), at 35. This came following a discovery challenge where the Shaffers had asked for copies of all insurance policies held by A & D Brown Enterprises but were allegedly denied a copy of the Businessowners Insurance Policy for several weeks. *See* Defs.' Resp. in Opp. (Dkt. 20), at 6–8.

[15] *See* Letter, March 31, 2021 (Dkt. 20, Ex. 16), at 1–2.

[16] Corporate Disclosure Statement (Dkt. 8), at 2.

Rogers may have already put both State Farm Fire & Casualty and the general business policy at issue in their current suit.

The state court remains better positioned to determine where along that spectrum the matter lies, so the exact posture is not for this Court to resolve. But it is at least clear that this present case is distinguishable from those precedents where neither the insurer, policy, nor question of coverage had been implicated in the underlying state court case.[17]

*Application of the* Mhoon *Factors*

The first and second *Mhoon* factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court."[18] In insurance cases, if the underlying state court case will not determine "the legal relations between insurer and insured"[19] or "resolve the insurance coverage issue,"[20] then the factors weigh in favor of the district court maintaining the declaratory judgment action. It is possible that the state court case resolves without answering the questions State Farm Fire & Casualty presents here. But the state court possesses the facts of the pre-suit coverage dispute and maintains jurisdiction over the suit that arose out of that coverage dispute, so it still stands in a better position to resolve the full coverage disputes between the plaintiffs and both State Farm Insurance and its subsidiary, State Farm Fire & Casualty.

---

[17] *See supra* cases listed in note 8.

[18] *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002).

[19] *Ireland*, 2016 WL 3920470, at *3.

[20] *United Specialty Ins. Co. v. Connor Roofing & Guttering, LLC*, 2012 WL 208104 (N.D. Okla. Jan. 24, 2012).

The third *Mhoon* factor asks whether the declaratory remedy is being sought for "procedural fencing," or to provide an arena for a race to *res judicata*. The timing of this declaratory judgment action does not indicate as clear-cut a case of procedural fencing as the prior declaratory judgment action in this matter. Yet there remains a distinct possibility that State Farm Fire & Casualty is attempting to skirt the Shaffers' choice of forum by resolving coverage questions here before the Shaffers can expound on the facts contained in the state court record or the state court decides whether this policy is at issue in the case there. Therefore, this factor is either neutral or weighs against this Court maintaining the jurisdiction.

The fourth and fifth *Mhoon* factors ask whether exercising jurisdiction in this matter would entangle or "increase friction" between federal court and state court, and if the state court presents a more effective alternative remedy. While the confusing nature of the ongoing liability and coverage dispute renders other factors difficult to answer, with the fourth factor it is quite clear. Due precisely to this lack of clarity, exercising jurisdiction here runs a very strong risk of entangling this Court with the state court and the coverage dispute issues that it properly has jurisdiction over. And for the fifth factor, the state court does present a more effective alternative remedy: State Farm Insurance can present the same arguments to the state court why the general business policy does not cover the fatal accident that prompted this litigation. If its arguments are as strong as it believes, it can quickly and easily resolve the situation there in state court without resorting to a process that runs the risk of this Court interfering with legal issues already before a state court.

Therefore, the fourth and fifth *Mhoon* factors weigh in favor of declining jurisdiction over the action as well.

## *Conclusion*

In sum, since the *Mhoon* factors weigh against maintaining jurisdiction over this declaratory judgment action and since the state court stands in a better position to resolve all coverage and liability disputes between the parties, the Court exercises its discretion to not accept jurisdiction of this declaratory judgment action. Accordingly, the motions to dismiss (Dkts. 6 & 20) are **GRANTED**.

**IT IS SO ORDERED** this 19th day of January 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE